**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 03:50 PM April 22, 2015**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JERRY A. MORRIS, | ) | CASE NO. 14-62105 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Now before the court is chapter 7 trustee Lisa M. Barbacci's ("Trustee") objection to Debtor's exemption in a life insurance policy. The court held a hearing on March 16, 2015 and the parties submitted post-hearing briefs in support of their respective positions.

The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the order of reference, General Order 2012-7, dated April 4, 2012. Under 28 U.S.C. § 157(b)(2)(B), this is a core proceeding and arises in a Title 11 case. Consequently, the court has the authority to enter a final order. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## FACTS

The facts are uncomplicated. Debtor filed a chapter 7 petition on September 24, 2014 and disclosed an interest in a Prudential life insurance policy, with a value of $3,948.00, on Schedule B. Relying on Ohio Revised Code §§ 2329.66(A)(6)(e) and 3923.19, he claimed the policy was fully exempt on Schedule C. Trustee disagreed and filed an objection to the exemption on February 23, 2015. Debtor responded and identified Ohio Revised Code § 2329.66(A)(6)(b) as the intended exemption section. The court held a hearing on March 16, 2015 and both parties submitted post-hearing briefs in support of their positions.

The life insurance policy is a whole life policy owned by Debtor and insures Debtor's life. On the date of filing, the named beneficiary was Debtor's deceased father, who died years prior to Debtor's bankruptcy. Postpetition, but allegedly before Trustee's objection, Debtor changed the beneficiary to his daughter. Debtor contends that, pursuant to § 3911.10, the policy is protected from creditors subject to a change in beneficiary, giving him the right to change the beneficiary at will and maintain the exemption. Trustee argues that the date of filing controls. Since the deceased father was not a protected beneficiary under Ohio Revised Code § 3911.10 at the time of filing, the purpose of the statute is defeated and the cash surrender value of the policy is property of the estate.

## DISCUSSION

### I. Debtor's Motion to File Brief Instanter

Following the March 16 hearing, the court issued a briefing schedule that required the parties file post-hearing briefs by March 31, 2015. Trustee's was timely filed. On April 1, 2015, Debtor filed a motion to file his brief instanter. He contends that he believed he had two weeks, until April 1, 2015, to file the brief. Trustee has not objected and the court finds no prejudice in allowing the brief to be filed one day late. The motion is granted.

### II. Objection to exemption

Although Debtor did not amend Schedule C to reflect the appropriate exemption, the parties proceed as though Debtor has claimed an exemption under Ohio Revised Code § 2329(A)(6)(b). The court will do likewise.

When Debtor filed this case, largely all his legal and equitable interests in property became property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). Neither party disputes that the life insurance policy was included in the bankruptcy estate. Through exemptions, a debtor is entitled to exclude certain property from the bankruptcy estate. 11 U.S.C. § 522(b). Ohio opted out of the federal exemption scheme, so Ohio's exemptions are applicable to this case. O.R.C. § 2329.662. The purpose of the exemptions is to provide a means of survival for debtor and family following bankruptcy. Menninger v. Schramm (In re Schramm), 431 B.R. 397, 400 (B.A.P. 6th Cir. 2010). To promote this policy, exemption statutes are liberally construed in

favor of the debtor.  Id. (citing Daugherty v. Central Tr. Co., 28 Ohio St.3d 441 (1986)).  As the objecting party, Trustee bears the burden of proof to show the exemption claimed by Debtor is not proper.  Fed.R.Bankr.Pro. 4003(c).

Property of the estate, and exemptions, are determined as of the date of filing.  Seafort v. Burden (In re Seafort), 669 F.3d 662, 668 (6th Cir. 2012) (citing Seafort v. Seafort (In re Seafort), 437 B.R. 204, 209 (B.A.P. 6th Cir. 2010)).  Similarly, the Ohio Revised Code determines that a person's "interest," as used in the Ohio exemption statute, is also determined as of the petition date.  O.R.C. § 2329.66(D)(1).  The relevant exemption permits Debtor to exempt "[t]he person's interest in contracts of life or endowment insurance or annuities, as exempted by section 3911.10 of the Revised Code."  O.R.C. § 2329.66(A)(6)(b).  Section 3911.10 states, in applicable part:

> All contracts of life or endowment insurance or annuities upon the life of any person, or any interest therein, which may hereafter mature and which have been taken out for the benefit of, or made payable by change of beneficiary, transfer, or assignment to, the spouse or children, or any persons dependent upon such person, or an institution or entity described in division (B)(1) of section 3911.09 of the Revised Code, or any creditor, or to a trustee for the benefit of such spouse, children, dependent persons, institution or entity, or creditor, shall be held, together with the proceeds or avails of such contracts, subject to a change of beneficiary if desired, free from all claims of the creditors of such insured person or annuitant.

O.R.C. § 3911.10.  Debtor reads the "subject to a change of beneficiary if desired language" to give him an open-ended right to change the beneficiary at any time, thereby allowing him to maintain the exemption.  The court does not agree.

The statute clearly states that Debtor's interest in the policy is determined as of the petition date.  On the petition date, it is undisputed that Debtor's deceased father, who is not a protected person under O.R.C. 3911.10, was the beneficiary of the policy.  Consequently, the policy was not exempt on the date of filing.

Debtor argues that since he could change the beneficiary, and did so postpetition to benefit his daughter before any claim of a creditor was made, the policy is exempt.  On similar facts, a virtually identical postpetition attempt to transform a non-exempt policy into an exempt policy was rejected.  Butz v. Blue (In re Blue), 5 B.R. 723 (Bankr. S.D. Ohio 1980).

Further, Debtor offers absolutely no support for this position, which ignores Trustee's status as a hypothetical creditor with a writ of execution.  11 U.S.C. § 544(a)(2).  It also fails to consider that the right to change the beneficiary was a legal right that became part of the bankruptcy estate and was not exercisable by him.  See In re Monahan, 171 B.R. 710 (Bankr.

3

D.N.H. 1994). Debtor's right to change the beneficiary terminated with the filing of the petition. At that point, the policy was property of the bankruptcy estate and the rights under the policy were exercisable by Trustee alone unless and until released from the bankruptcy estate.

The court finds that Trustee met her burden of proof and demonstrated that Debtor was not entitled to the exemption. Debtor's arguments that he is entitled to the exemption are not persuasive. The court will therefore sustain Trustee's objection.

A separate order will be issued in conjunction with this opinion.

# # #

**Service List:**

John L. Juergensen Co., LPA
Washington Square Office Park
6545 Market Ave. North
North Canton, OH 44721

Lisa M. Barbacci
PO Box 1299
Medina, OH 44258-1299